IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARON A. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:12-cv-1190 |
| | ) | |
| v. | ) | (Judge Conner) |
| | ) | |
| COVENANT CHRISTIAN ACADEMY, INC., | ) | **ELECTRONICALLY FILED** |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, Covenant Christian Academy, Inc., ("CCA") by and through its undersigned counsel, files the following Answer to Complaint.

1.      The averments in paragraph 1 of the Complaint are denied.

2.      The averments in paragraph 2 of the Complaint are denied.

3.      The averments in paragraph 3 of the Complaint are admitted on information and belief.

4.      The averments in paragraph 4 of the Complaint are admitted.

5.      The averments in paragraph 5 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, said averments are denied.

6.      The averments in paragraph 6 of the Complaint are admitted.

7.      The averments in paragraph 7 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, said averments are denied.

8.      The averments in paragraph 8 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, said averments are denied.

9.      CCA has no knowledge or belief as to the truth of the averments contained in paragraph 9, as such said averments are denied.

10.     The averments in paragraph 10 of the Complaint are admitted.

11.     The averments in paragraph 11 of the Complaint are admitted.

12.     The averments in paragraph 12 of the Complaint are admitted.

13.     The averments in paragraph 13 of the Complaint are admitted.

14.     The averments in paragraph 14 of the Complaint are admitted.

15.     The averments in paragraph 15 of the Complaint are admitted.

16.     The averments in paragraph 16 of the Complaint are denied as stated as it is not known what is meant by the term "homosexuality."  CCA does believe that the practice of same-sex relations is a sin and that the promotion of such a lifestyle is also a sin.

17.     The averments in paragraph 17 of the Complaint are denied.  During the 2009-2010 school year of her employment, the Plaintiff did not fulfill the attendance requirements of her job, thus creating an undue hardship on CCA and the Plaintiff's students.

18.     The averments in paragraph 18 of the Complaint are admitted.

19.     The averments in Paragraph 19 of the Complaint are denied as stated.  It is admitted that on October 12, 2009, the Plaintiff's eldest son posted a note on Facebook in which he stated, *inter alia*, that he was "gay," that he was going to "get the party started," and otherwise indicated his celebration and promotion of a homosexual lifestyle.

20.     The averments in Paragraph 20 of the Complaint are denied as stated.  Following CCA receiving knowledge of the Facebook post, Mr. Joseph Sanelli instructed the Plaintiff and her husband that their son should not come into school the next day until the matter could be fully discussed.

21.     The averments in Paragraph 21 of the Complaint are admitted.

22.     The averments in Paragraph 22 of the Complaint are admitted.

23.     The averments in Paragraph 23 of the Complaint are denied.  At the meeting, it was explained, among other things, that the Plaintiff's son would not be permitted to actively return to CCA unless he fulfilled CCA's written requirements by which a student who has committed a disciplinary act worthy of expulsion can be considered for complete re-admission to CCA.

24.     The averments in Paragraph 24 of the Complaint are denied.  During their initial meeting in October, the Plaintiff and her husband expressed anger, confusion and sorrow regarding their son's decision.  Furthermore, CCA never requested or required the Plaintiff to not "love and support" her son.  Indeed, as was clearly expressed to the Plaintiff and her husband, any personal and intra-family opinions and feelings/expressions regarding her son's decision were completely within the purview of her family.  CCA's only concern was whether or not the Plaintiff would openly deny and/or question CCA's policy on homosexual behavior, and, critically, at no time prior to May 10, 2010, did the Plaintiff openly question and/or publically criticize CCA's doctrinal position on homosexual behavior.  Critically, following this meeting, the Plaintiff's husband expressed, in writing, his appreciation for how CCA was handling the situation.

25.     The averments in Paragraph 25 of the Complaint are denied as stated.  At no time was the topic of the Plaintiff forcing their son to "renounce" his decision discussed.  At the meeting, the Plaintiff's son's educational future and the effect of his decision on the same were discussed.

26.     The averments in Paragraph 26 of the Complaint are denied.  It is specifically denied that any representative of CCA stated that the Plaintiff's son's continued attendance at CCA would be "good for the school."

27.     The averments in Paragraph 27 of the Complaint are denied.

28.     The averments in Paragraph 28 of the Complaint are denied as stated.  It is admitted that Ms. Burlew had discussions with the Plaintiff regarding personal struggles with sin.

29.     The averments in Paragraph 29 of the Complaint are denied as stated.  The October 15, 2009 letter speaks for itself.

30.     The averments in Paragraph 30 (a-g) of the Complaint are denied as stated.  It is specifically denied that any binding agreement was reached between the parties regarding any of the terms and conditions listed.

31.     The averments in Paragraph 31 of the Complaint are denied as stated.  At no time did CCA require the Plaintiff to "renounce" her son or his decision in order to be offered a new contract for the 2010-2011 academic year.  To the contrary, as long as the Plaintiff did not openly voice a disagreement with or openly criticize CCA's policy on homosexual behavior, her son's decision would not affect the decision of whether or not CCA would offer her a contract for the 2010-2011 academic year.  A decision on whether to offer the Plaintiff a new contract would be made on the same factors as other teachers.

32.     The averments in Paragraph 32 of the Complaint and all relevant subparts are denied.  The Plaintiff has misquoted and/or grossly taken out of context each statement "quoted" in the relevant subparts.  As such, the entirety of all the subparts are denied.

33.     The averments in Paragraph 33 of the Complaint, and all relevant subparts, are denied.  Specifically:

a.      The Plaintiff's husband, via written communication to CCA in the months following his son's "declaration," voiced support for CCA and its handling of the situation.

b.      Denied.

c.      Denied.

d.      Denied.  Jesse Hake, who is not an administrator, did not watch the DVD, or otherwise know of its contents, until after the decision was made to not offer the Plaintiff a new contract.

34.     The averments in Paragraph 34 of the Complaint are denied.

35.     The averments in Paragraph 35 of the Complaint are denied.

36.     The averments in Paragraph 36 of the Complaint are denied.

37.     The averments in Paragraph 37 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, said averments are denied.

38.     The averments in Paragraph 38 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, said averments are denied.

39.     The averments in Paragraph 39 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, said averments are denied.

40.     The averments in Paragraph 40 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, said averments are denied.

41.     The averments in Paragraph 41 of the Complaint are denied.  It is admitted that, from time to time during the 2009-2010 school year, the Plaintiff was given time off when requested.  It is specially denied that the Plaintiff's suffers from a "disability."

42.    The averments in Paragraph 42 of the Complaint are denied.  It is admitted that, from time to time during the 2009-2010 school year, the Plaintiff was given time off when requested.  It is specially denied that the Plaintiff requested a "medical leave of absence."

43.    The averments in Paragraph 43 of the Complaint are denied.  It is admitted that the Plaintiff told Ms. Stuckey that she had trouble sleeping and that she, at one time, cried in Ms. Stuckey's office.

44.    The averments in Paragraph 44 of the Complaint are denied.

45.    The averments in Paragraph 45 of the Complaint are denied.

46.    The averments in Paragraph 46 of the Complaint are denied.

47.    The averments in Paragraph 47 of the Complaint are denied.  To the contrary, in early May 2010, the Plaintiff approached Ms. Stuckey and informed her that she did not feel that she could teach a full-time schedule in 2010-2011 and inquired if there was anything that could be done in that regard and still preserve her ability to teach in upcoming academic years.  CCA immediately began the "interactive process," as required by the ADA, and after consultation with Mr. Sanelli, Ms. Stuckey informed the Plaintiff that instead of full-time employment, CCA could offer the Plaintiff a part-time position or the Plaintiff could take a one-year leave of absence and return for the 2011-2012 academic year.  The Plaintiff told Ms. Stuckey that she would consider the available options.

48.    The averments in Paragraph 48 of the Complaint are denied.  See response to Paragraph 36.

49.    The averments in Paragraph 49 of the Complaint are denied.  On or about May 7, 2010, the Plaintiff informed Ms. Stuckey that she now wanted to work full-time, despite only a few days before informing Ms. Stuckey that she did not think that she could work a full-time job

and inquired if there were alternatives available.  The Plaintiff not only wanted to work full-time, but she wanted to be provided with undetermined time away from her classroom and students whenever she felt necessary.  Following the Plaintiff's sudden change of mind as to her ability to teach a full-time schedule, which showed an apparent disregard for the welfare of her own students, Ms. Stuckey, in continuing the interactive process, analyzed what effect the Plaintiff's proposal would have on the class.  Ms. Stuckey, in considering the educational well-being of the students in the class, felt that it would be an undue hardship on CCA to allow the Plaintiff to be kept on as a full-time teacher, assigned to a classroom, and allow the Plaintiff to be absent from the classroom whenever she felt necessary.  As such, Ms. Stuckey informed the Plaintiff that she was not comfortable recommending to Mr. Sanelli that she be offered a full-time position, but that the part-time and year sabbatical options would still be available.  The reasonable accommodation process then continued, as the final decision would be made by Mr. Sanelli at the time of the Plaintiff's normally-scheduled end-of-year review.

50.     The averments in Paragraph 50 of the Complaint are denied.  Furthermore, these averments contain unnecessary and irrelevant factual information that the Plaintiff is attempting to use for the sole purpose of harming CCA and its current and former staff.

51.     The averments in Paragraph 51 of the Complaint are denied.

52.     The averments in Paragraph 52 of the Complaint are denied.

53.     The averments in Paragraph 53 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, said averments are denied.

54.     The averments in Paragraph 54 of the Complaint are denied.  See response to Paragraph 49.

55.     The averments in Paragraph 55 of the Complaint are denied.  See response to Paragraph 49.

56.     The averments in Paragraph 56 of the Complaint are denied.

57.     The averments in Paragraph 57 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, said averments are denied.

58.     The averments in Paragraph 58 of the Complaint are denied.

59.     The averments in Paragraph 59 of the Complaint are denied.  The Plaintiff placed the writing in question to the mailboxes of Mr. Sanelli and the CCA Board of Directors.

60.     The averments in Paragraph 60 of the Complaint are admitted.

61.     The averments in Paragraph 61 of the Complaint are denied as stated.  The Plaintiff was not offered a new contract because she expressed to CCA leadership, in writing, that she directly disagreed with CCA's doctrinal position on homosexual conduct.

62.     The averments in Paragraph 62 of the Complaint are denied.

63.     The averments in Paragraph 63 of the Complaint are denied.

64.     The averments in Paragraph 64 of the Complaint are denied.

<u>COUNT I –DISCRIMINATION</u>
<u>AMERICANS WITH DISABILITY ACT OF 1990, AS AMENDED</u>
FAILURE TO REASONABLY ACCOMMODATE
ACTUAL DISABILITY
<u>Sharon A. Wright v. Covenant Christian Academy, Inc.</u>

65.     The averments in Paragraph 65 of the Complaint do not require a response.

66.     The averments in Paragraph 66 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, said averments are denied.

67.     The averments in Paragraph 67 of the Complaint are denied.

68.     The averments in Paragraph 68 of the Complaint are denied.

69.     The averments in Paragraph 69 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, said averments are denied.

70.     The averments in Paragraph 70 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, said averments are denied.

71.     The averments in Paragraph 71 of the Complaint are denied.  CCA never got to complete the interactive process to discuss the Plaintiff's purported reasonable accommodation request, which would have occurred in the form of a meeting with Mr. Sanelli, as prior to the yearly meeting with Mr. Sanelli, the Plaintiff committed an act upon which CCA decided to not renew her contract for the 2010-2011 school year.

72.     The averments in Paragraph 72 of the Complaint are admitted.

73.     The averments in Paragraph 73 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, said averments are denied. Furthermore CCA does not discriminate based on any type of disability.

74.     The averments in Paragraph 74 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, said averments are denied. Furthermore CCA does not discriminate based on any type of disability.

75.     The averments in Paragraph 75 of the Complaint are denied.

76.     The averments in Paragraph 76 of the Complaint are denied.

77.     The averments in Paragraph 77 of the Complaint are denied.

78.     The averments in Paragraph 78 of the Complaint are denied.

79.     The averments in Paragraph 79 of the Complaint are denied.

80.     The averments in Paragraph 80 of the Complaint are denied.

81.     The averments in Paragraph 81 of the Complaint are denied.

82.     The averments in Paragraph 82 of the Complaint are denied.

83.     The averments in Paragraph 83 of the Complaint are denied.

84.     The averments in Paragraph 84 of the Complaint are denied.

**COUNT II – DISCRIMINATION**
**AMERICANS WITH DISABILITY ACT OF 1990, AS AMENDED**
**FAILURE TO RENEW EMPLOYMENT CONTRACT**
**DISABILITY/PERCEIVED DISABILITY/RECORD OF DISABILITY**
**Sharon A. Wright v. Covenant Christian Academy, Inc.**

85.     The averments in Paragraph 85 of the Complaint do not require a response.

86.     The averments in Paragraph 86 of the Complaint are denied.

87.     The averments in Paragraph 87 of the Complaint are denied.

88.     The averments in Paragraph 88 of the Complaint are denied.

89.     The averments in Paragraph 89 of the Complaint are denied.

90.     The averments in Paragraph 90 of the Complaint are denied.

91.     The averments in Paragraph 91 of the Complaint are denied.  It is admitted that, from time to time during the 2009-2010 school year, the Plaintiff was given time off, when requested.  It is specifically denied that the Plaintiff requested a "medical leave of absence."

92.     The averments in Paragraph 92 of the Complaint are denied.

93.     The averments in Paragraph 93 of the Complaint are admitted.

94.     The averments in Paragraph 94 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, said averments are denied. Furthermore CCA does not discriminate based on any type of disability.

95.     The averments in Paragraph 95 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, said averments are denied. Furthermore CCA does not discriminate based on any type of disability.

96.     The averments in Paragraph 96 of the Complaint are denied.

97.     The averments in Paragraph 97 of the Complaint are denied.

98.     The averments in Paragraph 98 of the Complaint are denied.

99.     The averments in Paragraph 99 of the Complaint are denied.

100.    The averments in Paragraph 100 of the Complaint are denied.

101.    The averments in Paragraph 101 of the Complaint are denied.

102.    The averments in Paragraph 102 of the Complaint are denied.

103.    The averments in Paragraph 103 of the Complaint are denied.

104.    The averments in Paragraph 104 of the Complaint are denied.

105.    The averments in Paragraph 105 of the Complaint are denied.

106.    The averments in Paragraph 106 of the Complaint are denied.

107.    The averments in Paragraph 107 of the Complaint are denied.

108.    The averments in Paragraph 108 of the Complaint are denied.

109.    The averments in Paragraph 109 of the Complaint are denied.

110.    The averments in Paragraph 110 of the Complaint are denied.

## COUNT III – RETALIATION
## AMERICANS WITH DISABILITY ACT OF 1990, AS AMENDED
## FAILURE TO RENEW EMPLOYMENT CONTRACT
## Sharon A. Wright v. Covenant Christian Academy, Inc.

111.    The averments in Paragraph 111 of the Complaint do not require a response.

112.    The averments in Paragraph 112 of the Complaint are denied.

113.    The averments in Paragraph 113 of the Complaint are denied.

114.    The averments in Paragraph 114 of the Complaint are denied.

115.    The averments in Paragraph 115 of the Complaint are denied.

116.    The averments in Paragraph 116 of the Complaint are denied.

117.    The averments in Paragraph 117 of the Complaint are denied.

118.    The averments in Paragraph 118 of the Complaint are denied.

119.    The averments in Paragraph 119 of the Complaint are denied.

120.    The averments in Paragraph 120 of the Complaint are denied.

## COUNT IV – DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT
## FAILURE TO REASONABLY ACCOMMODATE
## FAILURE TO RENEW EMPLOYMENT CONTRACT
## Sharon A. Wright v. Covenant Christian Academy, Inc.

121.    The averments in Paragraph 121 of the Complaint do not require a response.

122.    The averments in Paragraph 122 of the Complaint are denied.

123.    The averments in Paragraph 123 of the Complaint are denied.

124.    The averments in Paragraph 124 of the Complaint are denied.

125.    The averments in Paragraph 125 of the Complaint are denied.

126.    The averments in Paragraph 126 of the Complaint are denied.

## COUNT V – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT
## FAILURE TO RENEW EMPLOYMENT CONTRACT
## Sharon A. Wright v. Covenant Christian Academy, Inc.

127.    The averments in Paragraph 127 of the Complaint do not require a response.

128.    The averments in Paragraph 128 of the Complaint do not require a response.

129.    The averments in Paragraph 129 of the Complaint do not require a response.

130.    The averments in Paragraph 130 of the Complaint do not require a response.

131.    The averments in Paragraph 131 of the Complaint do not require a response.

132.    The averments in Paragraph 132 of the Complaint do not require a response.

WHEREFORE, Defendant, Covenant Christian Academy, Inc., respectfully requests this Honorable Court enter judgment in its favor and against the Plaintiff.  Further, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice and without costs, and that the Court award Defendant attorneys' fees, costs and any such further relief that the Court may deem appropriate.

### AFFIRMATIVE DEFENSES

1. CCA incorporates its previous responses as if fully set forth herein.

2. The Plaintiff fails to state a claim under the ADA.

3. The Plaintiff fails to state a claim under the PHRA.

4. The Plaintiff does not suffer from a "disability" as defined by the ADA or PHRA.

5. CCA at all times acted in compliance with the ADA and/or PHRA.

6. The Plaintiff's claims are barred to the extent that they were not filed within the applicable statutes of limitation and/or administrative filing periods.

7. The Plaintiff's claims are barred, in whole or in part, by the principles of waiver and/or estoppel.

8. The Plaintiff's claims are barred to the extent that the Plaintiff failed to timely and properly exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites for the commencement of this action.

9. The federal discrimination claims are barred to the extent that they were not alleged or encompassed within the administrative charge filed by the Plaintiff, or the administrative investigation thereof.

10.     The PHRA discrimination claims are barred to the extent that they were not alleged or encompassed within the administrative charge filed by the Plaintiff, or the administrative investigation thereof.

11.     The Plaintiff was not "terminated" from her employment with CCA.

12.     The claims must be dismissed as the Plaintiff was not offered a new contract for reasons other than her alleged disability.

13.     Plaintiff's claims for various relief are barred to the extent Plaintiff has failed to mitigate such alleged damages.

14.     Plaintiff is not entitled to punitive damages under the ADA because CCA at no time engaged in willful discriminatory conduct within the meaning of any statute, and at no time engaged in any discriminatory practice or conduct with malice or reckless indifference to Plaintiff's rights.

15.     CCA's actions are protected by the First Amendment of the United States Constitution.

16.     CCA was not able to complete any interactive process with the Plaintiff as prior to the completion of the process, she committed an act upon which CCA made a decision to not offer her a new contract from the 2010-2011 academic year.

17.     Prior to May 10, 2010, no decision had been reached by Mr. Sanelli as to whether or not the Plaintiff would be offered a full-time contract for the 2010-2011 academic year.

18.     The Plaintiff's alleged "disability" played no part whatsoever in the decision to not offer her a contract for the 2010-2011 academic year.

19.     Prior to the Plaintiff even alleging that she suffered from a "disability," the Plaintiff's husband began threatening CCA with legal action regarding their son's attendance at CCA and the Plaintiff's employment with CCA.

20.     The Plaintiff has brought this action in bad faith, as she knows and/or otherwise believes that her alleged disability played no part on CCA's decision to not offer her a new contract.  Instead, the Plaintiff is, in pursuit of a personal vendetta against CCA, improperly using this Court to indirectly attack CCA's constitutionally protected religious doctrine.

WHEREFORE, Defendant, Covenant Christian Academy, Inc., respectfully requests this Honorable Court enter judgment in its favor and against the Plaintiff.   Further, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice and without costs, and that the Court award Defendant attorneys' fees, costs and any such further relief that the Court may deem appropriate.

Respectfully submitted,


s/ Dean F. Falavolito
Dean F. Falavolito, Esquire
Pa I.D. No. 92844
BURNS WHITE LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212
Phone:  (412) 995-3005
Fax:  (412) 995-3300
dffalavolito@burnswhite.com
*Counsel for Defendant, Covenant*
*Christian Academy, Inc.*